KNOLL, J.,
dissenting.
hThe majority’s decision in this case is a departure from long-established search and seizure jurisprudence from this Court, condoning the State’s investigatory stop of the defendant predicated solely upon a non-predictive, anonymous tip which provided the authorities with little more than the defendant’s name, his race, his location on a bus headed for Monroe, Louisiana, and the assertion that the defendant had substantial amounts of cocaine and marijuana in his possession. This information was devoid of any reasonable grounds upon which the police could base its belief the informant possessed reliable information about the defendant’s alleged illegal activities. Accordingly, I respectfully dissent from the majority’s finding the police possessed reasonable suspicion, and I would affirm the District Court’s suppression of the evidence.
The majority finds the police did have reasonable suspicion for the investigatory stop on the grounds the anonymous informant’s “willingness to stay in contact with the police during the investigation offered additional assurance he was passing on trustworthy information and not just rumor or speculation, or worse, that might cause him trouble if the police found they were chasing bad information.” As support for this finding, the majority cites comments Justice Kennedy made in his concurrence in Florida v. J.L., addressing hypothetical facts he acknowledged were not presented by the record before that Court. 529 U.S.2266, 276, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (“These matters, of course, must await discussion 'in other cases, where the issues are presented by the record;”) (Kennedy, J., concurring). The majority also cites this Court’s recent opinion in State v. Elliott, 09-1727 (La.3/16/10), 35.So.3d 247, where we found an informant’s tip sufficiently reliable when she provided information to the police about a suspected drunk driver as the crime was happening before her and then pulled in behind the patrol vehicle and continued to make herself available to po *313 lice and accountable in person for the information she provided. Those facts are very different from the present case. See id. (“In the present case, the witnesses were clearly citizen informants providing information about a crime as it was happening and not anonymous tipsters.”).
Here, the majority finds this anonymous informant reliable because the police officer transmitted a picture to the cellular phone number from which the informant called and the person who received that message “immediately responded and confirmed defendant’s identity.” The majority bases its reasoning on the assumptions the informant remained in contact with the police and he could have been held accountable if he provided false information to the authorities. I find the majority clearly errs in this regard. There are a number of problems with these two assumptions. First, it is not at all clear from the record the informant did actually maintain contact with the police. Indeed, the facts provide no real assurance the informant who initiated the first call was even the same person who responded to Sergeant Jordan’s picture message. Further, the informant could only be held accountable if the phone actually belonged to him or could be traced to his possession. If, however, the informant intended to provide false information to the police, it would be rational for him to surreptitiously borrow or to steal a phone to serve his purposes before discarding it. Here, the record is void of any evidence the police verified the cellular phone belonged to the informant. Thus, as far as |3providing assurances of an informant’s reliability, the importance of the police’s possession of the informant’s cellular phone number is based on pure speculation and, as a measure of the informant’s reliability, it is only as good as the informant’s intentions.
Absent a reliable informant, we have expected the police to “set up more extensive surveillance of the defendant until they observed suspicious or unusual behavior.” State v. Robertson, 97-2960, p. 5 (La.10/20/98), 721 So.2d 1268, 1270. Significantly, in this case, police had its canine unit on the scene which, if used, could have provided officers with the probable cause needed to arrest the defendant without violating his rights under the Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution. See United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). However, the police did not use this tool available to them, relying solely on this anonymous tip without first justifying the reliability of the informant’s information.
The police are required to make a showing of reliability to protect citizens from unreasonable searches predicated on baseless anonymous tips supplied by those motivated not by truth and civic duty, but by deceit and malevolence. In my view, I am not at all confident the police’s possession of a cellular phone number is sufficient to establish an informant’s reliability. I agree with the Trial Judge’s reasons and would deny the State’s writ.